I. B. VINCENT v. W. H. DONNELL AND W. G. VAN BUREN.

**No. 406.** (63 Pac. 24.)

JUSTICES OF THE PEACE—*Jurisdiction—Action by Surety.* A justice of the peace has jurisdiction of an action brought under the provisions of section 529 of the civil code (Gen. Stat. 1897, ch. 95, § 549; Gen. Stat. 1899, § 4820) by the surety, on a matured and unpaid note against the principal, to compel payment of the obligation, where the amount involved is less than $300.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed December 12, 1900. Affirmed.

*H. Whiteside,* for plaintiff in error.

*Martin & Roberts,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. : On December 24, 1896, the plaintiff in error as principal, and the defendants in error as sureties, executed and delivered to the State Bank

Vincent v. Donnell.

of Haven, a Kansas banking corporation, their promissory note for $200, due in thirty days from that date, and on the 30th day of the following month, the note being due and unpaid, the sureties brought a suit thereon against Vincent before a justice of the peace of Reno county, a copy of the note being filed as the bill of particulars. The plaintiffs caused garnishment process to be issued and served on several parties. The justice entered judgment in favor of the sureties for the amount of the note and costs. Vincent carried the case to the district court, where the plaintiffs filed a petition which purported to set up two causes of action. The defendant attacked the petition by motion, and as a result the second cause of action, wherein the plaintiffs alleged they were the owners of the note, was stricken out and the first cause of action amended. The first cause of action as amended set forth a copy of the note, and alleged its execution and delivery by the defendant as principal and the plaintiffs as sureties; that at the maturity of the note the defendant had wholly failed and refused to pay the same or any part thereof; and that the action was brought for the purpose of compelling the defendant to pay the note to the State Bank of Haven, the owner and holder thereof. Thereupon the defendant demurred to the petition for failure to state a cause of action, and for the reason that the court had no jurisdiction. The demurrer was overruled. The defendant then filed an answer, in which the material averment is, substantially, that the court had no jurisdiction over the subject-matter of the cause of action, for the reason that such cause of action was not within the jurisdiction of the justice of the peace. The other averments of the answer do not

require special mention. On the trial before the court the following admissions were made and entered of record:

"Plaintiffs admit that at the commencement of this. suit the holder and owner of the note in suit, the Bank of Haven, was willing to extend the time of payment on said note, and the Bank of Haven was not pressing the maker or sureties for payment. Defendant admits that the plaintiffs were sureties on the said note for the defendant."

The court rendered judgment in favor of the plaintiff, the journal entry thereof reciting:

"It is therefore considered, ordered and adjudged and decreed by the court that the plaintiffs, W. H. Donnell and G. W. Van Buren, sr., do have and recover of and from the said defendant, I. B. Vincent, the sum of two hundred twenty-three and $\frac{60}{100}$ dollars ($223.60), and that the said sum bear interest at the rate of ten per cent. per annum from date thereof, to which ruling of the court the defendant, I. B. Vincent, duly excepted. It is further ordered and decreed by the court that execution issue upon said judgment in favor of the plaintiff as against the defendant, I. B. Vincent, but the plaintiffs, G. W. Van Buren and W. H. Donnell, shall not be entitled to receive any moneys collected upon said execution until the original promissory note, a copy of which is set forth in the plaintiffs' petition, is duly filed for cancelation with the clerk of this court."

Th eonly question requiring decision is whether a justice of the peace has jurisdiction of an action brought by the surety against the principal on a note which has matured and is unpaid, to compel payment of the obligation. Section 529 of the civil code (Gen. Stat. 1897, ch. 95, § 549; Gen. Stat. 1899, § 4820) reads:

"A surety may maintain an action against his prin-

cipal to compel him to discharge the debt or liability for which the surety is bound, after the same has become due."

Section 2 of the act regulating the jurisdiction and procedure before justices of the peace (Gen. Stat. 1897, ch. 103, § 20; Gen. Stat. 1899, § 5037), reads:

"Under the limitations and restrictions herein provided, justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same, where the amount claimed does not exceed $300."

Section 185 of the same act (Gen. Stat, 1897, ch. 103, § 14; Gen. Stat. 1899, § 5229) reads:

"The provisions of an act entitled 'An act to establish a code of civil procedure' which are in their nature applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

Counsel state their inability to aid the court by the citation of authorities bearing on the question before us.

Under section 529, *supra*, a right of action in favor of the sureties arose when the principal failed to pay the note at its maturity. There is another statute which authorizes an action by the surety against the principal before the obligation matures. It is not necessary in either case that the surety should first pay the note, nor does it appear to be necessary that the owner of the note should be made a party to the action. The law in such cases favors sureties. Neither the procedure by which the surety is to obtain the relief to which he is entitled, nor the form of judgment to be entered in his favor, is stated in the statute. The judgment entered in this action granted the relief

to which the sureties were entitled, and at the same time protected both the holder of the note and the principal maker thereof. It is a judgment "for the recovery of money only" in favor of the sureties. It involves nothing in its nature different from any ordinary money judgment except the provision made for the protection of the principal debtor and the holder of the note. It is our conclusion that a justice of the peace has jurisdiction to try such an action and to render such a judgment, where the amount involved is less than $300.

The judgment of the district court is affirmed.